**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANA NAIDA ALVAREZ, a/k/a Mary
Rodriguez,

Defendant-Appellant.

No. 98-6008
(D.C. No. CR-96-53-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Ana Alvarez appeals her sentence of thirty-seven months' imprisonment which was imposed after she pleaded guilty to two counts of submitting false

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claims for income tax refunds, in violation of 18 U.S.C. §§ 287 and 2(b). She contends the district court erred in refusing to grant downward departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Parsons Technology, a computer software company that distributed software enabling individuals to file income tax returns electronically, contacted Internal Revenue Service in April 1993 after it received numerous diskettes for electronic filings containing similar wage and earnings information for different people with common addresses. IRS agents began surveillance of a mailbox drop location in Oklahoma City and, on April 13, 1993, observed Alvarez and her mother pick up mail, which included IRS tax refund checks, from the box. IRS agents subsequently observed Alvarez and her mother pick up mail from nine other post office boxes and mail drop locations in the Oklahoma City area. When Alvarez was detained and questioned, she gave IRS agents a false name, social security number, and address, as well as a false explanation for her activities.[1] Alvarez did not appear the following day to meet with agents as she had agreed and she fled the State of Oklahoma.

Alvarez and her mother were apprehended in New Mexico in the summer of

_____

[1] If Alvarez had given her correct name and social security number, the agents would have determined there was an outstanding warrant for her arrest from the State of Texas.

-2-

1993 when they attempted to cash a tax refund check. Alvarez was transported to Harris County, Texas, to begin serving a suspended criminal sentence, but was mistakenly released from custody. On July 24, 1994, IRS agents attempted to arrest Alvarez at a post office drop in Van Nuys, California, but she evaded arrest by speeding away in her car.

Alvarez was finally arrested in Portland, Oregon, in August 1997. She had been living in Portland under an assumed name and teaching in the public schools. She again identified herself by a fictitious name when she was arrested and she produced a fake identification card. She was taken into custody and ultimately returned to the State of Oklahoma to face charges. Alvarez pleaded guilty to two of eighteen counts and was sentenced to thirty-seven months' imprisonment and three-years' supervised release.

Alvarez contends the district court erred in refusing to grant her a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.[2] At her sentencing, Alvarez argued her conduct upon returning to Oklahoma after her arrest, i.e., "her debriefing, her agreement to enter a plea agreement, [and] her agreement to testify against her mother," demonstrated her acceptance of responsibility. Sentencing Transcript at 74. The district court

---

[2] Section 3E1.1 provides, in pertinent part: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."

rejected her arguments:

> Well, I just find it very inappropriate to give a defendant acceptance of responsibility when they spent some significant time as a fugitive and knowing that they were being pursued and lying about who she was, it did impede the investigation, I previously found, and I certainly do give her some credit, and I will, for her plea of guilty and her cooperation after her arrest, but it just strikes me that it would be inappropriate under that guideline to give her full acceptance of responsibility, so I am going to deny that.

Id.

Acceptance of responsibility is a factual question which we review for clear error. See United States v. Hawley, 93 F.3d 682, 689 (10th Cir. 1996). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, application note 5. It is defendant's burden to prove she has accepted responsibility. See United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir. 1990). Application Note 3 speaks directly to Alvarez' arguments:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) . . ., will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

U.S.S.G. § 3E1.1(a), application note 3.

We have reviewed the record on appeal and we are not persuaded that the district court committed clear error in refusing a downward adjustment for acceptance of responsibility. It is true that Alvarez pleaded guilty and truthfully admitted her conduct. However, it is likewise uncontroverted that Alvarez intentionally lied to investigating IRS agents, successfully evaded arrest for a period of approximately four years, and continued her criminal conduct during most of that time period. See U.S.S.G. § 3E1.1(a), application note 1 (appropriate factors for consideration include whether defendant voluntarily terminated criminal conduct and surrendered to authorities promptly after commission of the offense, and the timeliness of conduct in manifesting the acceptance of responsibility). Considered together, we agree with the district court that Alvarez failed to clearly demonstrate acceptance of responsibility for her conduct.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-5-